AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
v.
__Robert Ramsuer__
Defendant

**ORDER OF DETENTION PENDING TRIAL**

Case CR05-42-UNA

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- **X** (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in __21 USC Sect. 841__.
    - ☐ under 18 U.S.C. § 924(c).
- **X** (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  **X** clear and convincing evidence  **X** a preponderance of the evidence : Defendant waived his right to a preliminary hearing and did not oppose the government's motion for detention at this time. Based upon the evidence contained in the criminal complaint and defendant's lengthy criminal history which began at age 15 years, there is substantial evidence to warrant detention in this matter. Defendant has a significant drug history and may be addicted to Percocet, a pain reliver presently prescribed by his physician for injuries defendant sustained about a year ago as a result of an automobile accident. Unknown to the court is whether his treating physician is aware of defendant's past usage of heroin. Defendant's past criminal history includes arrests as a juvenile for carrying concealed dangerous weapon, cruelty to animals, possession with intent to deliver/manufacture narcotics, possession/use of bombs or incendiary devices, trafficking in cocaine. possession of drug paraphernalia, assault first degree, possession of a deadly weapon – most of the aforementioned offenses are repeated throughout defendant's juvenile record. For relatively minor offenses, such as traffic violations, defendant has a significant history of non-appearance resulting in capiases being issued. At age 19 defendant pled guilty to possession of a non-narcotic and he failed to appear at sentencing which resulted in VOP warrant as well for new charges. He again failed to appear for sentencing on this offense and was eventually discharged from probation as unimproved. For a burglary charge reduced to criminal tresspass 3rd, defendant failed to appear and a capias was issued. At age 22, he was charged with numerous drug related offenses, failed to appear and another warrant was issued. He pled guilty to the lesser offense of possession/use/consume narcotic, violated his probation in 2001 for additional charges, was sentences to 6 years imprisonment which were suspended after 3 ½ years in a halfway house. He has a number of driving during suspension– for those charges her rarely appeared for trial or sentencing requiring a number of warrants to be issued.. He pled guilty to assault 2d & possession of a firearm during the commission of a felony, maintaining a vehicle for drugs in November 2001for which he was allowed to serve a

AO 472 (Rev. 3/86) Order of Detention Pending Trial

concurrent 3 year sentence. Defendant has for some reason avoid any long prison time despite his extensive criminal history. His present charge is for a drug offense involving heroin. Defendant is clearly a risk of non-appearance and a danger to the community for which no conditions or combination thereof will reasonable assure his appearance as required and the safety of the community.

Defendant's request to later move for a detention hearing should it be warranted was allowed.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

April 25, 2005
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).