

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  
*1007 Orange Street, Suite 700*  
*P.O. Box 2046*  
*Wilmington, Delaware 19899-2046*

*(302) 573-6277*  
*FAX (302) 573-6220*

July 13, 2005

**Via Electronic Filing**

The Honorable Joseph J. Farnan, Jr.
United States District Judge
U.S. Courthouse
844 King Street
Wilmington, Delaware 19801

    Re:  **United States v. Robert Ramseur**
           **Criminal Action No. 05-42-JJF**

Dear Judge Farnan:

    The Court has scheduled a change of plea hearing in the above-captioned case on July 27, 2005. Enclosed please find a copy of the memorandum of plea agreement between the parties. An executed original will be submitted at the time of the change of plea hearing.

                                    Respectfully submitted,

                                    COLM F. CONNOLLY
                                  United States Attorney

                         BY: _/s/ Adam Safwat_
                                  Adam Safwat
                                  Assistant United States Attorney

cc:  Eugene J. Maurer, Esq.
      The Clerk of the Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 05-42-JJF |
| ROBERT RAMSEUR, | : |
| Defendant. | : |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney, and Eugene J. Maurer, Jr., Esquire, attorney for the Defendant, ROBERT RAMSEUR, the following memorandum of plea agreement (hereinafter the "agreement" or "Memorandum") is hereby entered into by the respective parties:

1. The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with possession with intent to distribute mixtures and substances containing heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). The essential elements of the offense, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant possessed substances that contained heroin; (ii) the Defendant knew that he was in possession of controlled substances; and (iii) the Defendant intended to distribute the controlled substances.

2. The maximum penalties for Count One of the Indictment are twenty years imprisonment, a $1,000,000 fine, or both, a maximum term of supervised release for life, with a

minimum term of at least three years of supervised release following any term of imprisonment, and a $100 special assessment.

3. The Defendant knowingly, voluntarily and intelligently admits that on or about April 15, 2005, the Defendant, while being pursued by law enforcement officers in the City of Wilmington, Delaware, threw approximately 440 retail-size bags of heroin, packaged into thirteen "bundles", over the 12th Street Bridge and into the river below, and further admits that on the same day, he was in possession of 1,264 retail-size bags of heroin in his residence in Wilmington. The Defendant further admits that he intended to sell the heroin in his possession.

4. The Defendant agrees to pay the special assessment of $100 at or before the time of sentencing. If the Court orders the payment of any fine as part of the Defendant's sentence, the Defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

5. The Defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes

a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

6. Based on information known by the Government to date, at the time of sentencing the Government agrees to move for a three (3) level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under U.S. Sentencing Guideline Section 3E1.1. The Government will make this motion because the Defendant has timely notified authorities of his intention to enter a plea of guilty, thereby allowing the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

7. The Defendant agrees to cooperate fully and truthfully with the Government as follows:

    a. The Defendant agrees to provide truthful, complete and accurate information and testimony. The Defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

    b. The Defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Indictment of which he has knowledge, and any other crimes about which he has knowledge. The Defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the Defendant's entry of a guilty plea. However, the Government agrees that information provided by the Defendant to the Government pursuant to this agreement shall be governed by U.S.S.G. §1B1.8.

c.  The Defendant agrees to provide the Government with information concerning any bank accounts in his name or in the name of another in which sums are deposited by or at the direction of the Defendant, and information about his state and federal taxes in the last seven years, including his state and federal tax returns. The Defendant further agrees to provide all names, aliases and social security numbers presently or previously used by him. Defendant understands that his assets, if any exist, may be subject to civil or criminal forfeiture proceedings.

d.  The Defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

e.  The Defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

f.  The Defendant agrees to hold himself reasonably available for any interviews as the Government may require.

g.  The Defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

h.  The Defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the Government.

i.  To enable the Court to have the benefit of all relevant sentencing information, the Defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the Government agrees that all relevant sentencing information is available.

j.  The Defendant agrees that if the Government determines that the Defendant has not provided full and truthful cooperation, or has committed any federal, state, or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, the agreement may be voided by the Government and the Defendant shall be subject to prosecution for any federal crime of which the Government has knowledge including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation. The prosecution may be based on any information provided by the Defendant during the course of his cooperation, and this information may be used as evidence against him. Moreover, the Defendant's previously entered guilty plea will stand and cannot be withdrawn by him.

8.  If the Government in its sole discretion determines that the Defendant has fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the Government will:

a.  Make the nature and extent of the Defendant's cooperation known to the Court.

b.  Make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Sentencing Guideline §5K1.1, only if the Government, in its sole discretion, determines that the Defendant has provided substantial and truthful assistance in the investigation or prosecution of another person who has committed an offense. The Defendant understands that, as of the date of this Memorandum of Plea Agreement, the Government has not yet determined

5

whether his conduct qualifies for a Government motion pursuant to U.S.S.G. § 5K1.1.

c.  The Defendant further understands that the Government in its sole discretion will decide whether and how to investigate any information provided by him. The Defendant further understands that if he breaches this agreement in any way, including by committing a new crime after the date of this agreement, the Government will not file a substantial assistance motion.

d.  Make whatever sentencing recommendation the Government deems appropriate.

9.  The Defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

10.  The Defendant understands that if it is discovered that statements made to the Government are untruthful in any material way, this agreement is violated and becomes voidable by the Government. Whether any untruth is considered material is a determination that the Government will make in its sole discretion.

11.  The parties reserve the right to defend the Pre-Sentence Officer's findings at the sentencing hearing and to defend the Sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. Thus, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits he expects from any such stipulation or recommendation, the Defendant may not withdraw his guilty plea.

12.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this

Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY<br>
United States Attorney

| _____ | BY: | _____ |
|---|---|---|
| Eugene J. Maurer, Jr., Esq. | | Adam Safwat |
| Attorney for Defendant | | Assistant United States Attorney |

_____
Robert Ramseur
Defendant

Dated: July _____, 2005

* * *

**AND NOW** this _____ day of _____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
THE HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE